Gideon Orion Oliver
—ATTORNEY AT LAW—
He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

*Not for service*

March 14, 2022

**BY ECF**
Hon. Katharine H. Parker, United States Magistrate Judge
United States District Court - Southern District of New York
500 Pearl Street
New York, NY  100007

    Re:    <u>DeLuca, et al. v. City of New York, et al.</u>, 21 cv 10777 (AJN)(KHP)

Your Honor:

    I am co-counsel for Plaintiffs in the above-captioned matter. I write in opposition to Defendants' March 10, 2022 application to adjourn the initial pretrial conference scheduled for March 30, 2022. (Dkt. No. 16). Relatedly, Plaintiffs also ask that the Court remove this case from the so-called "1983 Plan" codified in SDNY Local Civil Rule 83.10 and direct Defendants to participate in a conference pursuant to Fed.R.Civ.P. 26(f) early in the week of March 21, 2022. (I am leaving this morning for a long-planned vacation today and will be back on March 21). Although Defendants' application was addressed to Hon. Alison J. Nathan, I address this to Your Honor based on my understanding of the scope of the referral to Your Honor for general pretrial purposes. (Dkt. Nos. 12, 15).

    **Background and Procedural History**. Plaintiffs – Dr. Marie DeLuca, an emergency medical physician; Adam Shoop, Esq., the Legal Director of the Civil Action Practice at The Bronx Defenders; and David Farrow, a PhD student at Columbia University - were each assaulted, arrested, and prosecuted by members of the New York City Police Department ("NYPD") at a Black Lives Matter ("BLM") protest in the Mott Haven neighborhood of the Bronx on June 4, 2020, at the height of citywide protests in the wake of the police murder of George Floyd. A weft of cases, including a number of putative class actions, arising from the NYPD's policing of the summer 2020 George Floyd/BLM protests, was filed in late 2020 and early 2021, several of which focus on the NYPD's June 4 attack on the Mott Haven protest. Many of those cases are now before Hon. Colleen McMahon and Hon. Gabriel W. Gorenstein and have been consolidated for pre-trial purposes under the *In re NY City Policing During Summer 2020 Demonstrations*, No. 20-cv-8924 docket (the "Consolidated Actions"). In early 2021, Judge McMahon put the cases on a rocket docket. Discovery in those cases – in which a massive amount of documents related to the Mott Haven incident have been exchanged - has been, and remains, ongoing. This case has taken a different path. Following the June 4, 2020 protest, Plaintiffs DeLuca, Shoop, and Farrow also began to seek accountability and redress. For example, among other things, some Plaintiffs gave statements to various entities that were investigating at the time. Each filed a Notice of Claim and sat for a hearing at which they gave testimony about their experiences under oath pursuant to New York's General Municipal Law.

1

Each Plaintiff subsequently determined that they would opt out of any putative classes that might be certified in the Consolidated Actions and that they would pursue their own claims in New York State court. Accordingly, on September 9, 2021, Plaintiffs filed the Complaint in this matter in New York State Supreme Court, Bronx County. Between November 18 and 22, 2022, Plaintiffs searched each of the non-Doe Defendants – including Defendants Bill de Blasio, Dermot Shea, Terence Monahan, Kenneth Lehr, and Kenneth Rice. On December 16, 2021, Defendants City, de Blasio, and Shea only removed the action to this Court. (Dkt. No. 1-4). On December 17, 2021, the Court designated this case for participation in the 1983 Plan. On December 27, 2021, defense counsel appeared in the removed action on behalf of Defendant City only. (Dkt. No. 9).[1] On December 28, 2021, counsel for Plaintiffs e-mailed counsel of record for Defendants regarding (1) the potential relatedness of this case to the Consolidated Actions; (2) the then-urgent need to identify certain Doe Defendants before certain statutes of limitations related to state law claims ran on February 1, 2022; (3) the need to conduct a Rule 26(f) conference as soon as possible; and (4) removing the case from the 1983 Plan. In late December 2021 and early January 2022, counsel discussed those topics. As to the potential relatedness issue, the parties agreed that Plaintiffs' counsel would raise them in a set of similarly situated cases, and be guided by how the Court handled them there. Then, in two other cases arising from a separate summer 2020 Black Lives Matter protest date and location that are before Hon. Lewis A. Kaplan, Judge Kaplan directed the parties to submit letters to him and Judge McMahon outlining their respective positions as to the potential relatedness among those actions and the Consolidated Actions, which the parties did. *See Britvec et al v. The City of New York et al.,*, 21-cv-10759 (LAK), Dkt No. 16 (Plaintiffs' letter); Dkt. No. 17 (Defendants' letter). On January 31, 2022, the Court determined that the actions should proceed separately, with coordinated discovery. *See Britvec et al.* Dkt. No. 18. Meanwhile in this case, on January 14, 2022, the Court referred this matter to Your Honor for general pretrial purposes. (Dkt. No. 12). On January 17, 2022, this Court issued an initial case management conference order scheduling an initial pretrial conference for March 30, 2022 and directing the parties to confer consistent with Fed.R.Civ.P. 26(f) no later than March 9, 2022. (Dkt. No. 12). On March 1, 2022, counsel again discussed the case. We agreed to hold the Rule 26(f) conference on March 9, 2022. In part in light of that agreement, defense counsel asked for, and Plaintiffs granted, consent to a defense application for a two-week extension of time within which to answer the Complaint. Defendants filed that application on March 4, 2022, claiming the need for additional time "to investigate the claims" because the "Complaint is voluminous, over seventy pages." (Dkt. No. 14). The Court granted that application the same day. (Dkt. No. 15). On March 9, 2022, the parties were scheduled to confer under Rule 26(f) and this Court's January 17, 2022 Order (Dkt. No. 13). Although Plaintiffs prepared and expected to hold that conference as scheduled, at the outset of the scheduled conference, rather than going forward, defense counsel informed Plaintiffs' counsel that Defendants would make an application to remove the case from the 1983 Plan. Defendants' March 10, 2022 application to adjourn the March 30, 2022 initial pretrial conference that Plaintiffs now oppose followed. (Dkt. No. 16).

---

[1] To date, according to the docket, defense counsel appears to represent only Defendant City. However, throughout, I refer to "Defendants" based on my belief that defense counsel also represents at least some of the other Defendants.

**Plaintiffs' Position**: Plaintiffs respectfully submit that it was an error to include this case in the 1983 Plan, which does not apply to cases filed in New York State Court and removed to this Court, in the first place. *See, e.g., Roundtree v. City of New York et al*, 21-cv-10576 (AJN)(SDA), Dkt. No. 17 (January 1, 2022 Opinion and Order). In denying Defendant City's application to have the *Roundtree* case – which the Plaintiff had filed in New York State Supreme Court and Defendant City had removed to this Court - included in the 1983 Plan, Magistrate Judge Aaron ruled, in pertinent part: "Rule 83.10 was designed to apply to actions filed in this Court in the first instance." Setting that aside, this Court should remove the case from the 1983 Plan now in its discretion because keeping the case in the 1983 Plan is not likely to achieve the 1983 Plan's stated goals, while it is guaranteed to frustrate Plaintiffs' interests in timely and expeditious prosecution of this action. Because the Consolidated Actions have involved extensive discovery regarding the Mott Haven incident, this is not the typical 1983 Plan case, in which Defendants must investigate the claims from scratch. Relatedly, although Defendants claimed to need additional time to answer in order to investigate and because, they say, the Complaint is voluminous, setting aside those specific to the individual Plaintiffs, the majority of the allegations in the Complaint– including almost all against Defendants de Blasio, Shea, Monahan, Lehr, and Rice, who have not yet answered - are nearly identical to those pleaded in several of the cases in the Consolidated Actions, which those Defendants, represented in the Consolidated Actions by the Law Department, answered long ago. *Compare* the Complaint in this case *with* the Complaints in *Sow et al. v. City of New York et al.*, 21-cv-00533 (CM)(GWG) (Dkt. No. 1) and in *Hernandez, et al. v. City of New York, et al.,* 21-cv-07406 (CM)(GWG) (Dkt. No. 1). Past that, in this case, Defendants already have the relevant 1983 Plan early discovery, either because those records were unsealed and exchanged in the extensive discovery related to the Mott Haven incident that has occurred in the Consolidated Actions[2], or because Defendants received (or should have received) them using the releases Plaintiffs provided to defense counsel in January of 2022. Plaintiffs can guarantee the Court that resolution of this case is not going to happen without additional discovery from Defendants specifically related to Plaintiffs' claims, which the 1983 Plan categorically prohibits. And Plaintiffs can also guarantee that mediation will not lead to settlement in this case. Of course, the parties can discuss settlement at any time, and ask Your Honor for a settlement conference if, and when, it makes sense. In the meantime, Plaintiffs would like to pursue discovery on their individual claims. For all those reasons, Plaintiffs ask that the Court remove this case from the 1983 Plan.

Finally, Plaintiffs ask that the Court keep the March 30 initial pretrial conference in this matter on the calendar, and direct Defendants to conduct the Rule 26(f) conference early in the week of March 21, 2022, so that Plaintiffs can pursue discovery, and otherwise prosecute this action, expeditiously, keeping the current schedule.

---

[2] For over a year in the Consolidated Actions, discovery, including specifically extensive *Monell* discovery into the policies, practices, and training that Plaintiffs challenge in this matter, as well as extensive discovery about the June 4, 2020 events at Mott Haven, has been proceeding at a rocket docket pace. Among other things, Defendants have disclosed, or have said they are in the process of disclosing, all arrest and arrest processing records, video, and other documents related to the Mott Haven arrests, including Plaintiffs'.

Thank you for your attention to this matter.

> Respectfully submitted,
>
> /s/
>
> Gideon Orion Oliver