

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL VIVIANO**
*Assistant Corporation Counsel*
mviviano@law.nyc.gov
Phone: (212) 356-2368

March 17, 2022

**By ECF**
Honorable Katherine J. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

    Re:    <u>DeLuca, et. al. v. City of New York, et. al.</u>
            21 Civ. 10777 (AJN)(KJP)

Your Honor:

       I am an Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and I am assigned to represent the Defendants in the above-referenced matter. I write in opposition to plaintiff's March 14, 2022 letter requesting that this matter be removed from Local Civil Rule 83.10 (formerly the Section 1983 Plan) (Docket Entry No. 17).

       By way of background, plaintiffs bring this action, pursuant to 42 U.S.C. § 1983, alleging multiple claims including false arrest, excessive force, malicious prosecution, fabrication of evidence, and <u>Monell</u> against the City, Former Mayor Bill De Blasio, former Police Commissioner Dermot Shea, former Chief of Police Terence Monahan, former Assistant Chief Kenneth Lehr, Sergeant Kenneth Rice, Police Officer Washington, Police Officer Zabala, and Police Officer Deck. On September 9, 2021, plaintiff initiated this case in New York State Supreme Court, Bronx County. On December 16, 2021, this matter was removed from state court to the Southern District of New York. Once removed to federal court, the matter was designated to participate in the Local Civil Rule 83.10, on December 17, 2021. On March 14, 2022, plaintiff moved for exemption from Local Civil Rule 83.10, arguing three points: first, that the case should never have been designated a Plan case as it was brought in state court; that 1983 Plan is guaranteed to frustrate Plaintiffs' interest in timely prosecution of this matter; that the Defendants already have access to relevant Discovery due to the consolidated cases; and that mediation would not lead to settlement, while stating that settlement can be discussed at any time.

According to the Local Civil Rule 83.10, "[u]nless otherwise ordered, in civil cases filed by a represented plaintiff against the City of New York ("City") and/or the New York City Police Department ("NYPD") or its employees alleging … excessive force, false arrest, or malicious prosecution by employees of the NYPD in violation of 42 U.S.C. § 1983, the procedures set forth below shall apply."  This action falls squarely within these parameters. Here, plaintiffs allege that they were falsely arrested, while attending a Black Lives Matter protest in June of 2020. Further, that they were then subject to malicious prosecution, fabrication of evidence among many other claims. As plaintiffs are represented by counsel and alleging claims that fall within Local Civil Rule 83.10 against members of the NYPD, the Court should not remove this case from the Plan.

Plaintiffs' arguments for removal from Local Civil Rule 83.10 are unavailing.  First, Local Civil Rule 83.10 was expressly intended for these very types of cases – where plaintiffs have brought claims against the NYPD for violations of their civil rights pending in this District. Plaintiff claim that cases removed from state court should be treated differently.  However, aside from one case, which included third parties and was never designated as part of the Plan, plaintiff's position finds no support.  Local Civil Rule 83.10 states:

> [I]n civil cases filed by a represented plaintiff against the City of New York ("City") and/or the New York City Police Department ("NYPD") or its employees alleging the use of excessive force, false arrest, or malicious prosecution by employees of the NYPD in violation of 42 U.S.C. § 1983, the procedures set forth below … shall apply.

Notably, there is no mention of cases needing to be <u>filed</u> in this District, but rather the Plan categorically includes <u>any</u> represented cases against the very same parties listed here.  There is simply no support in the text of the Rule for plaintiff's contention that cases initial brought in state court should be treated differently.

One purpose of the Plan is to increase efficiencies in these categories of Section 1983 cases by mandating early disclosures of categories of documents and directing the parties to early mediation. The Plan would, for instance, help facilitate the exchange of any materials that plaintiffs may possess and aid in identifying any alleged Doe officers, provide an opportunity for plaintiffs to amend their pleadings without leave pursuant to the Plan, and direct the parties to Plan mediation with the potential for early resolution.  Plan mediation seems particularly well suited for a case such as this, in which, as plaintiffs admit, so much discovery is already available to both sides.  In fact, despite plaintiffs claims that the Plan will unnecessarily delay litigation as the City already has the necessary documents, much of the time built into the Plan has already passed.  Despite plaintiffs' claims that additional discovery is necessary prior to discussing settlement, they do not point to what discovery that would include.  Participation in Local Civil Rule 83.10 is not intended to delay litigation, but rather enables the parties to litigate more efficiently. Indeed, the Plan was designed to help efficiently manage and reduce the time of the disposition in the typical Section 1983 cases brought against the NYPD and its officers. <u>See Elliot v. City of N.Y.</u>, 2020 U.S. Dist. LEXIS 216028 (S.D.N.Y. Nov. 18, 2020) (explaining the history and purpose of adopting Local Civil Rule 83.10).

Moreover, courts in this district routinely order that cases remain in the Plan, even when a plaintiff objects. See, e.g., Sergent v. City of New York, 20-cv-08161-VSB (S.D.N.Y.)(The Court denied plaintiff's request to be exempted from the Plan as they did not expect to reach a resolution. Defendants objected, and the case ultimately settled at mediation.); Coste v. City of New York, et al., 20-cv-10365-CM (S.D.N.Y, March 23, 2021) (Ordering that the parties proceed to mediation unless "the City is in a resolute "no pay" posture or if the plaintiffs will not settle no matter what is offered, then mediation makes no sense.")

The parties should engage in Plan discovery in order to assess and value in this case, as the Plan contemplates. Moreover, the Plan discovery schedule is not an incredibly lengthy or long one, and should not frustrate or impede the plaintiffs ability to prosecute this matter. Accordingly, defendant respectfully requests the Court deny plaintiff's request to remove this matter from Local Civil Rule 83.10.

Thank you for your consideration herein.

Respectfully submitted,

*Michael Viviano*/s/

Assistant Corporation Counsel
Special Federal Litigation Division