*Revised March 2021*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------- X
                                                         :
                                                         :
                                                         :   CIVIL ACTION NO.:    21-cv-10777
     DELUCA, SHOOP, and FARROW                           :                        (AJN)(KHP)
                       Plaintiff,                        :
                                                         :
                                                         :
        against                                          :
                                                         :
                                                         :
     CITY OF NEW YORK, et. al.                           :
                                                         :
                                                         :
                       Defendant.                        :
                                                         :
                                                         :
-------------------------------------------------------- X
```

### PROPOSED CASE MANAGEMENT PLAN AND REPORT OF RULE 26(f) MEETING [*]

**Court Expectations**

**Rule 1 and Rue 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence**. Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

Counsel are directed to the Model Confidentiality Stipulation and Order and Discussion Topics for Rule 26(f) Conference on Judge Parker's Individual Practices Page.

Counsel represent by their signature below that they have read and will comply with the above.

---

[*] The parties are simultaneously submitting a joint letter briefly explaining various disputes between them for the Court to consider as part of this submission.

*Revised March 2021*

**Proposed Discovery Plan**

**In accordance with Federal Rule of Civil Procedure 26(f) and Judge Parker's Individual Rules, the parties met on __3/22/22_____** (at least one week before the Initial Case Management Conference) and are exchanging communications thereafter. At least one week before the Initial Case Management Conference, the parties submit the following report for the Court's consideration:

2.  **Summary of Claims, Defenses, and Relevant Issues**

Plaintiff:

Plaintiffs were trapped, assaulted, and arrested by members of the New York City Police Department while participating in a June 4, 2020 Black Lives Matter protest in the Mott Haven neighborhood of the Bronx, detained for an excessive period of time under the circumstances in unsafe conditions, then falsely and maliciously prosecuted. Plaintiffs now bring claims for violations of their rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution - including Monell claims - as well as attendant claims under New York law and the New York State Constitution. Plaintiffs' Monell claims are identical to those at issue in the In re New York City Policing During Summer 2020 Demonstrations actions before Hon. Colleen McMahon, *see,* 548 F.Supp.3d 383 (SDNY 2021).

Defendant:

Probable cause existed for the arrests of the plaintiffs. Excessive force was not used against the plaintiffs. The time in detention was reasonable under the circumstances of mass arrest processing. Plaintiffs 1st, 4th, and 14th, amendment rights were not violated. Substantive due process and equal protection rights claims fail as they are not plausibly plead. Defendants are entitled to qualified immunity.

3.  **Basis of Subject Matter Jurisdiction:**  1983 U.S.C. claims.

Although this proceeding was commenced in New York State Supreme Court, some of the Defendants removed it pursuant to 28 USC 1441 based on this Court's jurisdiction under 28 USC 1331 over the claims brought under 42 USC 1983 and 1988.

*Revised March 2021*

4. **Subjects on Which Discovery May Be Needed**

<u>Plaintiff(s)</u>:
Regarding Plaintiffs' individual claims, NYPD video and audio (including radio) recordings and NYPD records regarding Plaintiffs' assaults, arrests, detentions, and prosecutions, as well as the massive, pre-planned NYPD Mott Haven operation, and third-party records from City and State agencies. Beyond that, discovery regarding Plaintiffs' Monell claims, which will overlap almost completely with the ongoing discovery in the Consolidated Actions.

<u>Defendant(s)</u>:
Medical records, employment records regarding attendance, records regarding online communication for the subject matter.

5. **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was **disclosed by Plaintiff(s)** on 4/13/2022. In addition, on 5/13/22, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was **disclosed by Defendant(s)** on 4/13/2022. In addition, on 5/13/22, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

6. **Formal Discovery**   *

The parties jointly propose to the Court the following discovery plan:

All fact discovery must be completed by 9/30/22.

***The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in 3(a) above.***

---

\* As seen in the accompanying letter, Plaintiffs are proposing that - with the exception of the discovery that relates to Plaintiffs' individual claims alone - discovery as to Plaintiffs' Monell claims proceed on the same schedule as, and coordinated with, discovery in the Consolidated Actions, as Hon. P. Kevin Castel and Hon. Colleen McMahon/Hon. Lewis A. Kaplan have recently done in similarly situated cases. If the Court accepts Plaintiffs' proposal, the date for completion of depositions and fact discovery would depend on the date fact discovery is complete in the Consolidated Actions, and the other deadlines would remain in place.

*Revised March 2021*

    a.    <u>Depositions</u>:  Depositions shall be completed by <u>9/30/22</u> and limited to no more than <u>10</u> depositions per party.  Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.  *Each Plaintiff estimates taking between 5-10 depositions, not counting higher-level depositions and Monell discovery.*

    b.    <u>Interrogatories</u>:  Initial sets of interrogatories shall be served on or before <u>4/27/22</u>.  All subsequent interrogatories must be served no later than 30 days prior to the discovery deadline.

    c.    <u>Requests for Admission</u>:  Requests for admission must be served on or before <u>8/30/22</u>.

    d.    <u>Requests for Production</u>:  Initial requests for production were/will be exchanged on <u>4/27/22</u> and responses shall be due on <u>5/27/22</u>.  All subsequent requests for production must be served no later than 30 days prior to the discovery deadline.

    e.    <u>Supplementation</u>:  Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

7.    **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes?  Does either party seek limitations on discovery?  Describe.

<u>Defendants seek to limit discovery into Monell.</u>

8.    **Amendments to Pleadings**

    a.    Are there any amendments to pleadings anticipated? <u>Yes</u>

    b.    Last date to amend the Complaint:  <u>Defendants consent to 5/31/22.</u>
Plaintiffs oppose this date and will provide their position in a joint letter.

*Revised March 2021*

9. **Joinder of Parties**

   a. Are there other necessary parties that need to be joined? **Y**/N

   b. Is joinder of other parties anticipated? Yes

   c. Last date to join other parties: Defendants consent to 5/31/22. Plaintiffs oppose and will provide their position in a joint letter..

10. **Expert Witness Disclosures**

At this time, the parties do/do not (circle one) anticipate utilizing experts. Expert discovery shall be completed by Experts expected, 11/1/2022.

11. **Electronic Discovery and Preservation of Documents and Information**

    a. Have the parties discussed electronic discovery? Yes

    b. Is there an electronic discovery protocol in place? If not, when the parties except to have one in place? No, the parties expect to have an agreement by 4/23/22.

    c. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

No.

12. **Anticipated Motions**

Defendants: Summary Judgement.

13. **Early Settlement or Resolution**

The parties **have**/have not (circle one) discussed the possibility of settlement. The parties request a settlement conference by no later than 6/27/22.

*Revised March 2021*

The following information is needed before settlement can be discussed:

Medical records, employment records.
Body-worn camera, other video, and other discovery sufficient to identify the Doe NYPD members who used force on, arrested, and were involved in prosecuting Plaintiffs, as well as NYPD and third-party records regarding the Mott Haven operation.

14. **Trial**

   a. The parties anticipate that this case will be ready for trial by  2/6/23  .

   b. The parties anticipate that the trial of this case will require  7 days  days.

   c. The parties request a jury/bench (circle one) trial.   Jury Trial

   d. The parties consent/**do not consent** (circle one) to Magistrate Judge jurisdiction at this time.

15. **Other Matters**

   Plaintiffs anticipate the trial of this case will require significantly more than 7 days, and more on the order of several weeks, to the extent that Plaintiffs' Monell claims survive summary judgment.

**The parties are advised that they may consent to Magistrate Judge jurisdiction at any time during the case pursuant to 28 USC § 636(c). To consent to Magistrate Judge jurisdiction for all purposes or specific dispositive motions, please utilize the consent form on Judge Parker's Individual Practices Webpage.**

Respectfully submitted this  23  day of  March , 20 23 .

ATTORNEYS FOR PLAINTIFF(S):                ATTORNEYS FOR DEFENDANT(S):

  Gideon Orion Oliver                        Michael C. Viviano, Esq.