UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| MARIE DeLUCA, ADAM SHOOP, DAVID FARROW<br><br>                                     Plaintiffs,<br><br>-against-<br><br>THE CITY OF NEW YORK; NEW YORK CITY MAYOR BILL DE BLASIO; NEW YORK POLICE DEPARTMENT ("NYPD") COMMISSIONER DERMOT SHEA; NYPD CHIEF OF DEPARTMENT TERENCE MONAHAN; NYPD ASSISTANT CHIEF KENNETH LEHR; NYPD LEGAL BUREAU SERGEANT KENNETH RICE; NYPD OFFICER CRYSTAL WASHINGTON; NYPD OFFICER JOSEPH DECK; NYPD OFFICER FIRST NAME UNKNOWN ("FNU") ZABALA; and NYPD MEMBERS JOHN AND JANE DOES #1-95,<br><br>                                     Defendants. | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION AND/OR CLARIFICATION OF THIS COURT'S MARCH 30, 2022 ORDER (DKT. 30)**<br><br>21-CV-10777 (MKV) (KHP) |

------------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION OF AND/OR CLARIFICATION AS TO THIS COURT'S MARCH 30, 2022 ORDER (DKT. 30)

### BACKGROUND

On March 30, 2022 the parties appeared in front of your Honor, and discussed at length their positions regarding Monell discovery, and how to ensure this case is efficiently litigated in light of overlapping claims in In re NY City Policing During Summer 2020 Demonstrations, 20-cv-8924(CM) (GWG) (S.D.N.Y.) (The "Consolidated Actions"). Plaintiffs were ordered to provide "draft proposed deposition questions and topics pertaining to the alleged Monell claim" that are unique to this action as opposed to the Consolidated Actions. (Dkt 30). In response,

plaintiffs filed an eleven-page letter, styled as a Motion for Reconsideration, which eventually explains that there are no unique topics at issue in this case, and asks that they not be required to submit specific deposition questions.  Plaintiffs' request should be denied as it does not appear that there are any unique areas to be covered related solely to the Monell claims in this case, and therefore, no need to discuss potential deposition questions.

Plaintiffs' rambling letter can be boiled down to two issues:  1) permission to ask deponents in the Consolidated Actions about any interactions with the plaintiffs in this action; and 2) a request to be excused from the obligation of submitting draft questions for Monell witnesses in the Consolidated Actions. The first request was not the topic of Your Honor's Order, and therefore is not a proper subject for this Motion.  However, defendants agree that it would be a waste of resources to subject individuals to a second deposition and believe that an agreement could be reached on this issue.  Plaintiffs also explain that they intend to take depositions of the individual defendants in this case – an uncontroversial position that did not require the paragraph it took to describe.

Plaintiffs eventually respond directly to Your Honor's Order (on page 7 of their letter) and explain that the facts underlying their Monell claim are entirely duplicative of the issues in the Consolidated Actions.  Specifically, they identify ". . . [d]efendants' policies and practices related to the Mott Haven mass arrest as well as Defendants' policies, practices, and training regarding the treatment of doctors and medics as "essential workers" (or not) under the curfew orders that were in place during the relevant time in the summer of 2020 . . ." See Plaintiffs' Mot. pg. 7, ¶ 2 (ECF No. 31).  As plaintiffs admit, these issues are already being litigated in the Summer 2020 cases.  Relitigating them here would be duplicative and a waste of time.

Despite this, plaintiffs then spend four more pages discussing why they may still have to ask additional questions in any depositions relevant to Monell discovery. Plaintiffs' inability to complete even this simple task demonstrates the difficulty inherent in bringing these claims separate and apart from the Consolidated Actions, and then insisting on pursuing Monell discovery in coordination with those cases.[1] Discovery in that case is being litigated by no fewer than 47 highly competent attorneys, including counsel in this case, who should be more than able to develop the necessary record. If plaintiffs have concerns about the development of the record in the Consolidated Actions, that should properly be raised with Judge Gorenstein or Judge McMahon. The record in that case should be more than sufficient to permit these plaintiffs to pursue their Monell claim.

In light of the duplicative nature of plaintiffs' Monell claim, defendants respectfully request that the Court deny plaintiffs' Motion.

Dated:    New York, New York
          April 26 2022

                              HON. SYLVIA O. HINDS-RADIX
                              Corporation Counsel of the
                                City of New York
                              *Attorney for Defendants*

                    By:       *Michael Viviano*  /s/
                              Michael Viviano
                              *Assistant Corporation Counsel*
                              Special Federal Litigation Division
                              New York City Law Department
                              100 Church Street

---

[1] Counsel uses two pages to describe the approach of other Judges in an apparent attempt to dissuade Your Honor from the approach discussed on March 30th, and then accuses this Office of using Your Honor's Order to try to sway other Judges to do the same.

        New York, New York 10007
        (212) 356-2368

Cc: All counsel of record (VIA ECF)
    Attorneys for Plaintiffs