UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIE DELUCA, *et al.*,<br><br>                              Plaintiffs,<br>   -v-<br><br>THE CITY OF NEW YORK, *et al.*,<br><br>                              Defendants. | **REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION AND/OR CLARIFICATION AS TO THIS COURT'S MARCH 30, 2022 ORDER (DKT. 30)**<br><br>**Index No. 21-cv-10777(MKV)(KHP)** |

**REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION OF AND/OR CLARIFICATION AS TO THIS COURT'S MARCH 30, 2022 ORDER (DKT. 30)**

Most of Defendants' opposition (Dkt. 34) amounts to complaints about the length or style of Plaintiffs' motion (Dkt. 31), which Plaintiffs do not think warrant a response. Almost none of it addresses the substance of Plaintiffs' application.

Plaintiffs themselves have said all along that there are overlapping topics to be explored in discovery in the Consolidated Actions and in this case. Although Defendants accuse Plaintiffs of attempting to "relitigate" issues here, that is the opposite of what Plaintiffs are looking to do: Plaintiffs want to litigate overlapping issues once, in the context of the deposition discovery in the Consolidated Actions, without giving up their rights to have their attorneys in this case ask limited follow-up questions, only if necessary, on the overlapping *Monell* topics Plaintiffs have identified in writing to this Court.

When Defendants say that Plaintiffs' counsel "should be more than able to develop the necessary record" on those topics in the Consolidated Actions, we agree that should be the case - ideally. They ignore that defense counsel in the Consolidated Actions have consistently opposed Plaintiffs' efforts in those cases to develop what Plaintiffs' counsel in those cases believe is the

necessary record, resulting in frequent litigation that Judge Gorenstein has resolved. The real primary limiting factor is time, and defense counsel in the Consolidated Actions have been objecting to extending most depositions beyond 7 hours. Most recently, Judge Gorenstein resolved an application to extend the deposition of a high-level NYPD witness for a second, 7-hour day. *See* Dkt. 528 in the Consolidated Action docket, 20-cv-8925 (CM)(GWG), a copy of which is attached as Exhibit 1.

Defendants' proposal that, "[i]f Plaintiffs have concerns about the development of the record in the Consolidated Actions, that should properly be raised" there is in line with what Plaintiffs have proposed. We ask that, as Judge Liman did in *Sukana* (Dkt. 31-4, 31-3), Judge Castel did in *Rodriguez* (Dkt. 31-2), and Judge Kaplan did in *Britvec* and *Casablanca-Torres* (Dkt. 26-3), this Court enter an order directing that the parties coordinate discovery to the maximum extent possible (*see, e.g.,* Dkt. 31-4), leaving open the possibility that Plaintiffs' counsel in this case might seek to ask certain deponents in the Consolidated Actions limited and reasonable follow-up questions, likely on the order of between 15 and 45 minutes, only if necessary, on certain, limited *Monell* topics. If the Court grants Plaintiffs' application, any disputes about the propriety of lines of questioning, or the time they might take, in any of the depositions in question, would be resolved by Judge Gorenstein in the context of the Consolidated Actions, following the process in those cases, in the first instance.

DATED:   Brooklyn, NY
         May 5, 2022

/S/
_____
Gideon Orion Oliver
Co-counsel for Plaintiffs
277 Broadway, Suite 1501
New York, NY  10007
718-783-3682 x 5